FILED

MAR - 7 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A SEARCH WARRANT FOR
A BLACK KYOCERA CORP MODEL C5170
CELLULAR TELEPHONE WITH
FCC ID: V65V5170

Magistrate Case. No. 14-231 (JMF)

## MEMORANDUM OPINION AND ORDER

Pending before the Court is an Application for a search warrant, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, of a black Kyocera Corporation model C5170 cell phone. See Affidavit in Support of Search Warrant ("Affidavit") at 3-4. For the reasons explained below, the Application is moot and will be denied with prejudice.

### I. Background

According to the affidavit filed in support of the Application by the District of Columbia Metropolitan Police Department ("MPD") Narcotics and Special Investigations Division Gun Recovery Unit Officer John Wright, approximately five MPD officers were on patrol in an SUV on Alabama Avenue, SE, on February 11, 2014. Affidavit at 1. The officers observed the following:

> a male wearing a coat over a grey hooded sweatshirt, walking southbound in the 800 block of Alabama Ave SE. The coat was unzipped and officers observed that the male had his right hand inside the front pocket of his sweatshirt. The right hand appeared to be pressed against his front right waist area with his right elbow pointed away from his body.

Id. at 1-2. The officers drove around the corner and re-approached the individual—later identified as Bobby Rivers—who was then walking on the 3200 block of Wheeler Road, SE. Id. From the SUV, one of the officers, Officer Sheehan, asked Rivers whether he had a gun, to

which Rivers responded "Naw." Id. at 2. Officer Sheehan asked to see Rivers's "waistband," but Rivers had moved behind another vehicle. Id. When Officer Sheehan repeated the question, Rivers fled. Id.

A prolonged chase involving officers on foot and in the SUV ensued in which Rivers ran down an alley behind 741 Alabama Ave, SE, and then through the property out to the road. Id. at 2-3. At one point, Officer Olszak "saw [Rivers's] right arm extend as if he had just tossed something along the left side of" 3026 7th Street, SE; Rivers then "immediately walked to the center of the front yard . . . raised his arms in the air and was apprehended by officers." Affidavit at 3. Officer Olszak went to the spot where he had seen Rivers throw something and "found a handgun." Id. By using a Forward Looking Infrared Device on the firearm, the officers were able to determine that "the firearm was warmer than the outside temperature." Id. The firearm was a Smith and Wesson .40 caliber semiautomatic handgun. Id. at 4. Rivers was arrested and subsequently indicted for unlawful possession of a handgun. Id.

Officers Wright and Sheehan retraced Rivers's path. Affidavit at 3. According to Officer Wright:

> While retracing Mr. Rivers' flight path, your affiant and Officer Sheehan approached the front of 741 Alabama Ave SE. Your affiant located a black Kyocera Corp cellphone, Model C5170. Your affiant looked through the phone, which was not locked, in an effort to ascertain ownership of the phone, as no one was around the phone. Your affiant looked through the photographs and included in the photographs were numerous pictures of firearms. The firearm recovered at 3026 7th Street SE appears to be captured in more than one photograph on the cell phone. The cell phone is now in the possession of the Metropolitan Police Department as Evidence pending this Search Warrant.

Id. at 3-4.

Officer Wright suggests that the information contained in the Kyocera cellphone is "relevant to the possession of firearms and related crimes." Affidavit at 5. He also suggests that

relevant data "includes all digital media, to include but not limited to, call logs (incoming and outgoing), photographs (taken and received), text messages (taken and received) and other additional data that are related to, reference or depict firearms and/or related crimes." Id. Officer Wright concludes by noting that "cell phones can contain records, notes, photographs and e-mails documenting the possession of firearms and distribution and possession of illegal narcotics." Id.

## II. Analysis

The Application requests "any and all electronically stored digital media, including but not limited to, evidence of ownership, subscribers, address books, call logs, phone books, photos, images, text messages, contact information, voice mails, images,[1] video, and any other stored electronic data." Affidavit at 6. However—other than with respect to the pictures and videos—there is no evidence to support a finding of probable cause with respect to these broad categories of information. Officer Wright's suggestion of a link between cell phones and "possession of firearms and distribution and possession of illegal narcotics" may be generally true, but he has provided no evidence that this phone has been used for any purpose relating to firearms other than taking pictures.[2] Id. at 5.

This is, however, an academic discussion in light of the specific facts presented to this Court in the Application. Based on Officer Wright's recitation of the facts, this Court can only conclude that Rivers abandoned the phone. As the D.C. Circuit has recognized, "the test of abandonment is an objective one under which intent may be inferred from words spoken, acts done, and other objective facts." United States v. Wider, 951 F.2d 1283, 1285 (D.C. Cir. 1991) (internal quotations and citations omitted). By leaving the cell phone outside, Rivers as surely

---

[1] This is also repeated in the original Application.
[2] There is also no factual basis whatsoever for the implication that Rivers is involved in the distribution and possession of illegal narcotics.

3

abandoned it as he did the handgun that was ultimately recovered. See id. at 1285-86 (holding that abandonment occurred when a suspect "place[d] a brown paper bag on some steps and walk[ed] away from the bag up the steps toward the street."). This Court recognizes that it only has one version of events, which have been presented *ex parte*. Nevertheless, the Court can only rule on a warrant application based upon what is presented to it. In light of that, the only conclusion that the Court can reach is that Rivers abandoned the phone.

Because Rivers abandoned the cell phone, Officer Wright had a right to search it. See United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986). It is settled law that a warrantless search of abandoned property does not violate the Fourth Amendment. See Abel v. United States, 362 U.S. 217, 241 (1960) ("So far as the record shows, petitioner had abandoned these articles. . . . There can be nothing unlawful in the Government's appropriation of such abandoned property."). Thus, because Rivers has abandoned the cell phone, no warrant is needed to search it and the Application is therefore moot.

### III. Conclusion and Order

For the reasons stated above, it is hereby **ORDERED** that the government's Application is **DENIED** with prejudice.



Digitally signed by John M. Facciola
DN: c=US,
email=john_m._facciola@dcd.uscourts.gov, o=United States District Court for the District of Columbia, cn=John M. Facciola
Date: 2014.03.07 14:43:02 -05'00'

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE